**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALLIED SECURITY INC. t/d/b/a** | : | **CIVIL ACTION** |
| **ALLIED BARTON SECURITY SERVICES** | : | |
| | : | |
| **v.** | : | **NO. 08-337** |
| | : | |
| **MASSEY ENERGY CO., et al.** | : | |

<u>**MEMORANDUM AND ORDER**</u>

**Kauffman, J.**                                                                   **September  5  , 2008**

Now before the Court is the Motion to Dismiss, or in the Alternative, for a Change of

Venue (the "Motion") filed by Defendants Massey Energy Company, Massey Coal Services, Inc.,

Performance Coal Company, Elk Run Coal Company, Inc., Alex Energy, Inc. d/b/a Edwight

Mining Company, Independence Coal Company, Inc. d/b/a Progress Coal Company, and Black

Castle Mining Company (collectively, "Defendants").  For the reasons discussed below, the

Motion for a Change of Venue will be granted, and this action will be transferred to the Southern

District of West Virginia.

**I.  BACKGROUND**

This action arises from a series of contract disputes between Plaintiff Allied Security Inc.

t/d/b/a Allied Barton Security Services ("Plaintiff") and Defendants.  According to the

Complaint, from June 2005 to October 2006, Plaintiff, a Pennsylvania corporation, performed

security services for Defendants in West Virginia pursuant to written agreements between

Plaintiff and each individual Defendant.  Compl. ¶ 11.  Although Plaintiff provided the services

specified in the agreements, Defendants allegedly failed to pay the fees required under the contracts despite their repeated promises to do so.  Id. ¶ 12.

On November 21, 2007, Plaintiff filed suit in the Montgomery County Court of Common Pleas, demanding payment in the amount of $151,457.00 plus prejudgment interest and expenses. On January 22, 2008, Defendants removed the action pursuant to 28 U.S.C. § 1446(a), citing diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for removal.[1]  On January 29, 2008, Defendants filed the instant Motion.

## II.  LEGAL STANDARD

Defendants argue that the Court lacks personal jurisdiction over them and, in any event, a transfer of venue pursuant to 28 U.S.C. § 1404 is warranted.[2]  Because the Court may consider the propriety of a transfer prior to the personal jurisdiction determination, it first will examine whether a change in venue would be appropriate.  See United States v. Berkowitz, 328 F.2d 358, 361 (3d Cir. 1964) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962))).  As one district court has explained, "where 'defendants have challenged a court's power over their

---

[1]    As explained in the Complaint and the Notice of Removal, all Defendants except Massey Energy Company are incorporated in West Virginia and have their principal places of business in West Virginia.  Massey Energy Company is incorporated in Delaware and has its principal place of business in Virginia.

[2]    Defendants also argue that the Court should dismiss the action based on the common law doctrine of forum non conveniens.  In cases where, as here, a party argues that another federal court is a more appropriate venue, the doctrine is inapplicable.  See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 127 S. Ct. 1184, 1190-91 (2007) ("For the federal-court system, Congress has codified the doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action.").  Accordingly, the Court declines to dismiss the case on forum non conveniens grounds.

persons and, at the same time, have moved alternatively for transfer, the interests of judicial

economy are best served by initial address of the transfer issue.'" Lomanno v. Black, 285 F.

Supp. 2d 637, 640 (E.D. Pa. 2003) (quoting Teleprompter Corp. v. Polinsky, 447 F. Supp. 53,

54-55 (S.D.N.Y. 1977)); see also Cumberland Truck Equip. Co. v. Detroit Diesel Corp., 401 F.

Supp. 2d 415, 419 (E.D. Pa. 2005) ("A court may . . . first analyze the question of venue when

'the resolution of the venue issue 'resolves' the case before [the] Court.'" (quoting Lomanno,

285 F. Supp. 2d at 640)).

      28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought."  The Third Circuit has recognized a number of factors

relevant to the transfer inquiry:

> (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where
> the claim arose; (4) "convenience of the parties as indicated by their relative
> physical and financial conditions"; (5) "the convenience of the witnesses—but
> only to the extent that the witnesses may actually be unavailable for trial in one of
> the fora"; (6) the location of books and records; (7) the enforceability of the
> judgment; (8) practical considerations that could expedite or simplify trial; (9) the
> level of court congestion in the two fora; (10) "the local interest in deciding local
> controversies at home"; (11) the public policies of the fora; and (12) in a diversity
> case, the familiarity of the two courts with state law.

In re Amendt, 169 F. App'x 93, 96 (3d Cir. 2006) (quoting Jumara v. State Farm Ins. Co., 55

F.3d 873, 879-80 (3d Cir. 1995)).  Each transfer decision is unique.  See, e.g., Stewart Org., Inc.

v. Ricoh Corp., 487 U.S. 22, 29 (1988) ("Section 1404(a) is intended to place discretion in the

district court to adjudicate motions for transfer according to an 'individualized, case-by-case

consideration of convenience and fairness.'" (quoting Van Dusen v. Barrack, 376 U.S. 612, 622

(1964))).  As the Third Circuit has explained, the burden is on Defendants to show that a

balancing of these factors weighs in favor of transfer.  See, e.g., Jumara, 55 F.3d at 879 ("The

burden of establishing the need for transfer still rests with the movant.").  "Although § 1404(a)

gives a district court the discretion to decide a motion on a case-by-case basis, these motions are

not to be granted liberally."  Pro Spice, Inc. v. Omni Trade Group, Inc., 173 F. Supp. 2d 336, 339

(E.D. Pa. 2001) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970)).


## III.  ANALYSIS

Defendants argue that the Court should transfer this action to the Southern District of

West Virginia because Plaintiff provided its security services in that district and because all

Defendants but one are headquartered there.  While Plaintiff's choice of forum is entitled to

deference, "[t]he preference for honoring a plaintiff's choice of forum is simply that, a

preference; it is not a right."  E.I. Dupont de Nemours & Co. v. Diamond Shamrock Corp., 522

F. Supp. 588, 592 (D. Del. 1981); see also Rowles v. Hammermill Paper Co., 689 F. Supp. 494,

496 (E.D. Pa. 1988) ("To insist that plaintiff's choice of forum is controlling would be to render

§ 1404(a) meaningless.  Equally important is the balancing of the other relevant choice-of-forum

considerations.").  "Moreover, when the central facts of a lawsuit occur outside of the chosen

forum, plaintiff's choice of forum is accorded less weight."  Nat'l Prop. Investors v. Shell Oil

Co., 917 F. Supp. 324, 327 (D.N.J. 1995); see also Lomanno, 285 F. Supp. 2d at 644

("[P]laintiff's choice of forum merits less deference when none of the conduct complained of

occurred in plaintiff's selected forum." (quoting Rowles, 689 F. Supp. at 496)).  In the instant

case, Plaintiff alleges that it sent its security guards to West Virginia to provide security services,

and that after such services were performed, Defendants failed to pay for all services rendered. Although Plaintiff's invoices were created in and sent from Pennsylvania, the facts complained of in the Complaint—Defendants' alleged failure to pay for services provided in West Virginia—have little relation to Pennsylvania.

Furthermore, although Plaintiff alleges that it is a Pennsylvania corporation, several critical documents in the record show that when Plaintiff contracted with Defendants, it represented itself to be a West Virginia corporation. Indeed, the very agreements which Plaintiff claims were breached list Plaintiff as a "West Virginia corporation, with a mailing address of 1222 Ohio Avenue, Dunbar, West Virginia 25064." Security Guard Agreement Preamble, attached to Second Aff. of Richard R. Grinnan at Ex. A; see also id. ¶ 8 (providing that all "notices, payments, reports, consents and other required written communications" should be sent to Plaintiff's West Virginia address). The fact that Plaintiff listed itself as a West Virginia corporation when contracting with Defendants undercuts its unsupported assertion that "communications and contractual negotiations between the parties to this action were held in Pennsylvania and that the place of the contract on which this action is based was Pennsylvania." Compl. ¶ 9.[3] Additionally, the agreements select West Virginia law as the law applicable to any contractual disputes and require Plaintiff to obtain West Virginia security licenses, see Security Guard Agreement ¶¶ 2(a), 15, and the letters terminating the agreements were sent from Plaintiff's office in West Virginia. See Notices of Termination, attached to Compl. at Ex. B

---

[3]   Defendants dispute the contention that the agreements were negotiated in Pennsylvania. See Aff. of Richard R. Grinnan ¶ 12 ("To the best of my knowledge no representative of any defendant set foot in Pennsylvania in connection with the negotiation or execution of any contract between plaintiff and any defendant that is the subject of the complaint in this action."). Plaintiff has not submitted any evidence to support its assertion.

(listing Plaintiff's address as "1222 Ohio Avenue, Dunbar, WV 25064").  Accordingly, it is clear

that Pennsylvania's ties to this litigation are minimal, and consequently, the deference afforded to

Plaintiff's choice of a Pennsylvania forum is reduced.

      With respect to the convenience of the parties, the Court finds that it would be more

convenient for this action to proceed in West Virginia.  As noted above, the majority of

Defendants reside in West Virginia, and although Plaintiff may be inconvenienced in pursuing its

claim in an alternate forum, the Court finds that any inconvenience will be minimal given

Plaintiff's substantial presence in West Virginia.[4]  As the documents in the record reflect,

Plaintiff has formed contracts, provided security services, obtained appropriate security licenses,

and terminated contracts from its office in West Virginia.  Given these extensive ties to West

Virginia, the Court finds that Plaintiff can litigate in that state with minimal inconvenience.  Cf.

Lomanno, 285 F. Supp. 2d at 645 ("Since Lomanno spent periods of time working in Virginia, he

cannot as effectively argue that pursuing the Title VII claim in Virginia is hugely inconvenient.").

In contrast, Defendants submit that they own no real property in Pennsylvania, do not regularly

transact business in the state, and do not possess licenses to conduct business in the state.  See

Aff. of Richard R. Grinnan ¶¶ 9-11.  In comparing the relative hardships, the Court concludes

that the potential inconvenience to Defendants litigating in this district outweighs the potential

inconvenience Plaintiff faces litigating in West Virginia.

      Also important to the Court's analysis in this case "is the desire to have the case tried

---

[4]    Plaintiff also relies on the fact that its lawyer resides in Eastern Pennsylvania to argue that it is more convenient to litigate in this district.  However, "the convenience of counsel is not a factor that is relevant in deciding a motion brought under 28 U.S.C. § 1404(a)."  Matt v. Baxter Healthcare Corp., 74 F. Supp. 2d 467, 469 (E.D. Pa. 1999).

before judges familiar with the applicable law."  Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 526

(D.N.J. 1998).  Because West Virginia law applies to this action, this factor also weighs in favor

of transfer to a judge sitting in West Virginia.  See, e.g., Coppola v. Ferrellgas, 2008 U.S. Dist.

LEXIS 17246, at *26-27 (E.D. Pa. Mar. 6, 2008) (noting that although federal judges often apply

the laws of different states, a judge's familiarity with the applicable state law is a factor that

favors transfer); Connors v. R&S Parts & Servs., 248 F. Supp. 2d 394, 396 (E.D. Pa. 2003)

(granting a motion to transfer the action to the District of New Jersey because, inter alia, "a New

Jersey District Judge would be more familiar with the applicable state law").

        Based on the arguments and documents submitted, the Court finds that the interests of

justice warrant a transfer.[5]  This action involves the alleged breach of agreements to provide

services in West Virginia that were signed in West Virginia by a corporation that listed itself as a

"West Virginia corporation," obtained a West Virginia security license, and stipulated that West

Virginia law would apply to any contractual disputes.  West Virginia clearly has the most

significant ties to this litigation, giving that state an interest in resolving it locally.  See, e.g.,

Tischio, 16 F. Supp. 2d at 526 ("Virginia, the forum with the more significant contacts with the

events resulting in the instant litigation, has a strong public interest in adjudicating this

dispute.").  Furthermore, "[b]ecause of the relatively short period of time the instant action has

been on this court's docket and the lack of any formal development of the record, a transfer will

not significantly disrupt the litigation or result in a waste of judicial resources."  Zokaites v.

Land-Cellular Corp., 424 F. Supp. 2d 824, 841 (W.D. Pa. 2006).  Under these facts, the Court

_____

        [5]        Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which
a substantial part of the events or omissions giving rise to the claim occurred."  Accordingly,
venue is proper in the Southern District of West Virginia.

finds that the <u>Jumara</u> factors relevant to this action warrant a transfer to the Southern District of West Virginia.  <u>See, e.g.</u>, <u>New Trail Capital v. Northwest Co.</u>, 2007 U.S. Dist. LEXIS 74189, at *18 (E.D. Pa. Oct. 4, 2007) (granting a motion to transfer where, as here, the law of the proposed transferee district would apply, the relevant events occurred there, and the defendant preferred to litigate there).

## IV.  CONCLUSION

For the reasons given above, the Court will transfer the action to the Southern District of West Virginia.  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALLIED SECURITY INC. t/d/b/a** | : | **CIVIL ACTION** |
| **ALLIED BARTON SECURITY SERVICES** | : | |
| | : | |
|     **v.** | : | **NO. 08-337** |
| | : | |
| **MASSEY ENERGY CO., et al.** | : | |

**ORDER**

    **AND NOW**, this 5th     day of September, 2008, upon consideration of Defendants'

Motion to Dismiss, or in the Alternative, for a Change of Venue (docket no. 5) and all responses

thereto, and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the

Motion for a Change of Venue is **GRANTED**, and this case is **TRANSFERRED** to the United

States District Court for the Southern District of West Virginia.

                      **BY THE COURT:**

                      **S/ BRUCE W. KAUFFMAN**
                      **BRUCE W. KAUFFMAN,  J.**